facts and restating the principles of law would have no precedential value.

**Frederick GERLACH, President, Lake Holiday, Inc., d/b/a Lake Holiday Pool and Park, Plaintiff/Respondent,**

v.

**MISSOURI COMMISSION ON HUMAN RIGHTS, Defendant/Appellant.**

No. 72075.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 11, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., James Paul, Karen King Mitchell, Asst. Attys. Gen., Jefferson City, for defendant/appellant.

Stanley Schnaare, Hillsboro, for plaintiff/respondent.

CRANDALL, Judge.

Defendant, the Missouri Commission on Human Rights (MCHR), appeals from the trial court's order quashing a subpoena duces tecum MCHR issued to plaintiff, Frederick Gerlach, President, Lake Holiday, Inc. d/b/a Lake Holiday Pool and Park (Lake Holiday). We dismiss the appeal.

Robert Carpenter filed a complaint with MCHR, alleging that Lake Holiday racially discriminated against him and his family by refusing them admittance into its facilities. As part of its investigation, MCHR issued a subpoena duces tecum to Lake Holiday pursuant to Section 213.030.1(7), RSMo (1994). Lake Holiday filed a motion to quash the subpoena on the basis that MCHR lacked the authority to issue and enforce a subpoena during the investigation stage of a proceeding.

After a hearing, the trial court issued its ruling which read in pertinent part:

## ORDER

The issue submitted to this Court is whether the Missouri Commission on Human Rights has the statutory power to issue investigative subpoenas. Sections 213.030(7) and (8) were discussed by the Western District in *Angoff v. M & M Management Corporation*, 897 S.W.2d 649 ( [Mo.App.] W.D.1995)....

Upon review of the briefs filed and argument submitted, the Court sustains Plaintiff's motion to quash the investigative subpoena issued by Defendant. No authority has been submitted by Plaintiff for award of attorneys fees and same is denied. Costs against Defendant.

Initially, this court must consider, *sua sponte*, whether it has jurisdiction to entertain this appeal. *Williams v. Westrip*, 917 S.W.2d 590, 591 (Mo.App. S.D.1996). Under Rule 74.01(a), a judgment must be (1) in writing, (2) signed by the judge, (3) denominated "judgment," and (4) filed. Here, the order is not labeled or titled a "judgment" at the top, thus it is not denominated a "judgment." *See Chambers v. Easter Fence Co., Inc.*, 943 S.W.2d 863, 865 (Mo.App. E.D. 1997). The designation of "judgment" also does not appear in the body of the writing or in the docket entry. As a result, there is no final judgment and this court lacks jurisdiction to hear this appeal. An assessment of costs against MCHR does not make the order appealable. *See In the Matter of Wheat*, 944 S.W.2d 272, 273 (Mo.App. E.D.1997).[1]

The appeal is dismissed [2]

AHRENS, P.J., and KAROHL, J., concur.

---

1. We note that there can be no assessment of costs against MCHR, because no statute authorizes such an assessment against that State agency. *See Anheuser–Busch, Inc. v. Mo. Comm'n on Human Rights*, 682 S.W.2d 828, 834 (Mo.App. 1984).

2. We also note that the parties do not point out any right to appeal from the quashing of a subpoena duces tecum issued during the investigation stage of a proceeding and our research discloses none.