**T.A.H., Petitioner–**
**Appellant/CrossRespondent,**

v.

**J.L.H., Respondent–Respondent/Cross**
**Appellant.**

**Nos. 72476, 72477, 72491.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 9, 1998.

---

**5.** Defendants, however, are not entitled under existing ordinances to place an unoccupied mobile home on any of their six lots for storage purposes only. A mobile home is not akin to building materials. Defendants are entitled to place mobile homes on their lots for purposes of residential use and occupancy, or for a reasonable amount of time in preparation for such use and occupancy, but not simply for storage.

Robyn G. Fox, Catherine M. Vale, St. Louis, for Appellant.

Dean Gallego, Clayton, for Cross-Respondent.

Joseph P. Conran, Mark G. Arnold, St. Louis, for Respondent/Cross-Appellant.

CRANDALL, Judge.

Husband, T.A.H., appeals from the decree of dissolution of his marriage to wife, J.L.H. Wife cross-appeals from the trial court's dismissal of her tort claims against husband. We affirm the decree of dissolution and dismiss wife's appeal from the dismissal of her civil action.

Husband brought the dissolution action. Wife in turn brought a civil action against husband, raising various claims in a nine-count petition. The tort claims pertinent to this appeal were Count I for husband's breach of a fiduciary and confidential relationship by deception and fraud and Count III for the recovery of necessaries for wife and the children.

On December 30, 1996, the trial court entered the decree of dissolution. In that decree, the court divided the marital assets; set aside separate property to each spouse; awarded primary and physical legal custody of the children to wife; ordered husband to pay child support totaling $1,390.00 per month, after imputing an annual income to him of $115,000.00; awarded wife maintenance of $1,400.00 per month; and ordered each spouse to pay his or her own attorneys' fees.

■ With regard to wife's civil action, husband moved for dismissal on the basis that the issues of his "fault and tortious conduct" were resolved by the decree of dissolution and thus the civil claims were barred by the doctrine of res judicata. On January 2, 1997, the trial court sustained husband's motion to dismiss [1] "upon stated grounds and by reason of collateral estoppel." Wife only appeals from the trial court's dismissal of Counts I and III.

We first address husband's appeal from the decree of dissolution. He raises two points on appeal, charging error in the imputation of income to him and in the maintenance award to wife. We have reviewed the record on appeal and find the court's rulings on these issues are supported by substantial evidence. No error of law appears. An opinion on points one and two of husband's appeal would have no precedential value. Husband's points on appeal are denied. Rule 84.16(b).

---

1. We note that under Rule 67.03, an involuntary dismissal is without prejudice unless the court specifically notes otherwise in the order. But, an appeal from such a dismissal can be taken where the dismissal has the practical effect of terminating the litigation in the form cast or in the plaintiff's chosen forum. *City of Chesterfield v. Deshetler Homes, Inc.*, 938 S.W.2d 671, 673 (Mo. App. E.D.1997). Here, the dismissal has the practical effect of terminating the litigation and an appeal lies from that ruling.

■ We next address wife's appeal from the trial court's dismissal of her tort claims against husband. Initially, this court must consider, *sua sponte*, whether it has jurisdiction to entertain this appeal. *Gerlach v. Missouri Comm'n on Human Rights*, 955 S.W.2d 809, 810 (Mo.App. E.D.1997). Under Rule 74.01(a), a judgment must be (1) in writing, (2) signed by the judge, (3) denominated "judgment," and (4) filed. Here, the January 2 order is not labeled or titled a "judgment" at the top, thus it is not denominated a "judgment." *See id.* The designation of "judgment" also does not appear in the body of the writing or in the January 2 docket entry. As a result, there is no final judgment and this court lacks jurisdiction to hear this appeal. The appeal from the dismissal of wife's tort claims is dismissed.

The decree of dissolution is affirmed.[2] Wife's cross-appeal from the dismissal of her civil action is dismissed.

AHRENS, P.J. and KAROHL, J., concur.

---

**2.** Wife's motion to strike Point II of husband's    reply brief is denied