Carroll L. EGGEMEYER, Earlene L. Eggemeyer, Rolland R. Hopson, Susan J. Hopson, Larry W. Clark, and Sharon L. Clark, d/b/a C.H.E.C. Partnership, Plaintiffs/Appellants,

v.

Dennis J. CONNOLLY, Defendant/Respondent.

No. 74389.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 23, 1999.

Timothy J. Melenbrink, Hansen, Stierberger, Downard, Melenbrink & Schroeder, Union, for appellants.

Michael P. Bastian, St. Louis, for respondent.

KATHIANNE KNAUP CRANE, Judge.

Plaintiffs filed an action to establish a private road on defendant's property pursuant to Section 228.342 RSMo (1994). The trial court granted them an easement of necessity, but not at the location they requested. They appeal from this decision. Although plaintiffs contend that the trial court erred in other respects, the trial court failed to designate which party or parties were to be responsible for the construction, maintenance and repair of the private road and did not set out the nature and scope of the parties' rights to the use and enjoyment of the private road. The statute required the court to adjudicate both of these matters. We dismiss the appeal for lack of jurisdiction because the trial court's determination, although designated a judgment, did not adjudicate all of the rights and liabilities of all the parties and therefore was not a final judgment.

Chapter 228 RSMo (1994) [1] governs proceedings to establish private roads. After a plaintiff files a petition in the circuit court of the county where the proposed road is to be located, Section 228.352 requires the trial court to conduct a nonjury hearing and determine whether the proposed road is a way of strict necessity. If the court determines the road is a way of strict necessity, the court must determine the location of the road situated so as to do as little damage or injury and cause as little inconvenience as practicable to the defendants. The court must then enter an interlocutory order for the establishment of the private road at the location determined by the court. As part of that order, the court must designate which party or parties shall be responsible for the construction, maintenance and repair of the private road and must set out the nature and scope of the parties' rights to the use and the enjoyment of the road. After an interlocutory order is entered in accordance with Sec-

1. All statutory references are to RSMo (1994) unless otherwise noted.

tion 228.352, the court is required to appoint three commissioners to assess defendant's damages and report those damages to the court. Section 228.355. If the parties file no exceptions to the commissioners' report, Section 228.358 directs the court to enter a judgment establishing the private road and assessing damages as reported by the commissioners.

After a nonjury hearing on plaintiffs' petition for the establishment of a private road, the trial court entered an interlocutory order which provided as follows:

> Court finds plaintiff needs access to plaintiff's real estate therefore a non-exclusive easement is established across the property of defendant as follows:
>
> Beginning at a point 15' east of the intersection of the west line of a tract of land conveyed to Dennis J. Connolly recorded in Book 837 page 291 with State road "YY" thence northerly parallel to and along the western boundary of said property to a point 15' south of the east west center line of the northwest quarter of sec 33, twp 44, rng 3w thence westerly to a point 15' east of the southwestern corner of a tract of land conveyed to the C.H.E.C. partnership, at book 906 page 350, thence north 15'
>
> Howard McKeever, Roger Langendoerfer and Eldo Mesger are appointed Special Commissioners to establish value.

■ The trial court failed to comply with Section 228.352 in that it did not designate which party or parties were to be responsible for the construction, maintenance and repair of the private road and did not set out the nature and scope of the parties' rights to the use and the enjoyment of the private road. It thereafter entered a "judgment" awarding damages and fees, confirming the private road, and granting plaintiffs an easement, but never resolved the issues of the parties' responsibilities for construction, maintenance and repair and rights of use with respect to the private road. These determinations are an essential part of the proceedings and are

statutorily required to fully adjudicate the establishment of a private road.

■ For a judgment to be final and appealable, it must dispose of all issues and all parties in the case and leave nothing for future determination. *McKean v. St. Louis County*, 936 S.W.2d 184, 185–86 (Mo.App. 1996); *see also* Rule 74.01(b). Because the trial court failed to adjudicate all the parties' rights and liabilities, the trial court's decision, although designated a judgment, is not final and appealable. We therefore do not have jurisdiction to consider the merits of this appeal.

Appeal dismissed.[2]

PAUL J. SIMON, P.J. and LAWRENCE E. MOONEY, J., concur.

---

**2.** Defendant's motion to strike portions of the record on appeal and brief and to dismiss are denied as moot.