**STATE of Missouri ex rel. Tressa HOLTERMAN, Relator,**

v.

**Honorable Timothy J. PATTERSON, Circuit Judge, Jefferson County, State of Missouri, Respondent.**

No. ED 78148.

Missouri Court of Appeals, Eastern District, Writ Division Three.

Aug. 8, 2000.

Jon F. Althauser, St. Louis, for relator.

Timothy J. Patterson, Hillsboro, for Respondent.

Patricia Riehl, Hillsboro, for Mark Holterman.

Michael J. Valenti, Hillsboro, for Jefferson County, State of Missouri.

Kurt Breeze, Festus, Guardian ad litem.

KATHIANNE KNAUP CRANE, Presiding Judge.

Relator, Tressa Holterman, seeks a writ of prohibition prohibiting respondent, the Honorable Timothy J. Patterson, from enforcing his order of June 22, 2000, which ordered relator to pay one third of a $1,000.00 guardian ad litem fee. Relator argues that she was not required to pay this fee under Section 514.040.3 RSMo (Cum.Supp.1999) because she is represented in the civil action by a legal services organization which has filed with the clerk of the Twenty-third Judicial Circuit a certificate of her inability to pay cost, fees, and expenses. This court has considered the petition, suggestions in support of the petition, and the attachments, which consist of the following: Motion and Affidavit to Modify Decree of Dissolution; Certificate of Inability to Pay Cost, Fees and Expenses; Motion to Join Third Party and Order Fees Paid Out of Public Funds; Order Appointing Guardian ad litem; Answer and Consent of Guardian ad litem and Motion for Security for Guardian ad litem fees, with Notice of Hearing; Memorandum reinstating Motion to Join and Memorandum in Support of Motion to Join, with Notice of Motion; and Memorandum ordering deposit of guardian ad litem fees. Respondent has declined to file suggestions in opposition. The facts and law are clear. This court, being fully advised in the premises, dispenses with all further procedure in the matter in the interest of justice. Rule 84.24(j).

Relator is represented by Legal Services of Eastern Missouri, Inc. (LSEM). LSEM is a legal aid society or a legal services organization, which is funded in substantial part by moneys appropriated by the general assembly of the State of Missouri, and its primary purpose is to furnish legal services to indigent persons. On October 27, 1999 relator filed a motion to modify decree of dissolution in the Circuit Court of Jefferson County, Missouri, a Certificate of Inability to Pay Cost, Fees and Expenses pursuant to Section 514.040.3 RSMo (Cum.Supp.1999) and a motion to join third party and order fees paid out of public funds, on the grounds that the circuit court could not order relator to pay guardian ad litem fees under Section 514.040.3. She requested that the court join Jefferson County to pay the guardian ad litem fees, if any.

At a hearing on May 30, 2000, respondent appointed Kurt D. Breeze as guardian ad litem for the minor children. Mr. Breeze then filed a motion for security for guardian ad litem fees. Relator re-submitted her previously filed motion to join the third party and to order fees paid out of public funds along with a memorandum in support of her motion. After a hearing, respondent ordered relator to pay one-third of a $1,000.00 security deposit for guardian ad litem fees within 40 days of the order. Relator then filed a petition with this court for a writ of prohibition.

Section 514.040.3 RSMo (Cum.Supp. 1999), which became effective on August 28, 1999, provides:

> Where a party is represented in a civil action by a legal aid society or a legal services or other nonprofit organization funded in whole or substantial part by moneys appropriated by the general assembly of the state of Missouri, which has as its primary purpose the furnishing of legal services to indigent persons . . . all costs and expenses related to the prosecution of the suit may be waived without the necessity of a motion and court approval, provided that a determination has been made by such society or organization that such party is unable to pay the costs, fees and expenses necessary to prosecute or defend the action, and that a certification that such determination has been made is filed with the clerk of the court.

Relator filed a Certificate of Inability to Pay Cost, Fees and Expenses (certificate) which set out that she is represented by a legal service organization, which is funded in substantial part by moneys appropriated by the general assembly of the State of Missouri, and which has as its primary purpose the furnishing of legal services to indigent persons. The certificate also states that relator is unable to pay the cost, fees, and expenses necessary to prosecute or defend that action.

■ Section 514.040.3 RSMo (Cum. Supp.1999) leaves no discretion for the trial judge to assess the guardian ad litem fee against relator. Section 514.040.3 provides that the waiver of fees is made without the necessity of a motion, and without the necessity of court approval. The only requirements are that the legal services organization representing the party make a determination that the party is unable to pay the fee and a certificate of such determination be filed with the clerk of the court. Because the statute provides that fees may be waived without court approval or motion, a court does not have jurisdiction or discretion to assess cost or fees against a party, if those actions have been taken.

■ We do not read the words "...may be waived..." as conferring discretion on the trial court to decide the question of waiver. While this use of the passive voice in the statute does not indicate who may waive fees, the context in which the words are used indicates that such discretion is not conferred on the court because the waiver occurs if a certificate is filed certifying the party's inability to pay cost or fees without the necessity of any application to the court by motion or approval of the court by order.

Peremptory Writ of Prohibition is issued. Respondent is directed to set aside his order of June 22, 2000 ordering relator to pay one third of the guardian ad litem fees.

MARY RHODES RUSSELL, J. and MARY K. HOFF, C.J., concur.

RICHARD B. TEITELMAN, J., recused.