WALL USA, INC., Plaintiff/Appellant, and Bi–State Development Agency of the Missouri–Illinois Metropolitan District, Intervenor/Appellant,

v.

CITY OF BALLWIN, Missouri and City of Sunset Hills, Missouri, Defendants/Respondents.

Nos. ED 78308, ED 78309.

Missouri Court of Appeals,
Eastern District,
Division Seven.

March 13, 2001.

Stephen J. O'Brien & Shannon M. Blankinship, St. Louis, MO, Attorneys for Wall USA.

Lawrence C. Friedman & Matthew S. Darrough, St. Louis, MO, Attorney for Bi–State.

Lionel L. Lucchesi & Philip B. Polster, St. Louis, MO, Attorney for Respondent City of Ballwin.

Robert E. Jones, Clayton, MO, Attorney for Respondent City of Sunset Hills.

W. Dudley McCarter, Clayton, MO, Attorney for Amicus Curiae—Missouri Municipal League & County.

CRANDALL, Judge.

Plaintiff, Wall USA, Inc., and intervenor, Bi–State Development Agency of the Missouri–Illinois Metropolitan District, appeal from the trial court's "FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER" in favor of defendant, City of Ballwin, Missouri, and the "JUDGMENT" in favor of defendant, City of Sunset Hills, Missouri, entered on multiple motions for summary judgment in a declaratory judgment action. Because there is no final and appealable judgment, we dismiss the appeal.

In December 1997, Bi–State Development Agency of the Missouri–Illinois Metropolitan District (hereinafter Bi–State) contracted with Wall USA, Inc. (hereinafter Wall), giving Wall the exclusive right to install advertising panels in bus passenger shelters located on state highway rights-of-way in St. Louis County. The Missouri Department of Transportation (hereinafter MoDOT) issued permits to Wall for the placement of four bus shelters in the City of Ballwin, Missouri (hereinafter Ballwin), and eight bus shelters in the City of Sunset Hills, Missouri (hereinafter Sunset Hills).

In December 1999, Ballwin issued a citation to Wall, alleging that the erection of advertising signs in the bus shelters without permits from Ballwin violated that city's ordinances. In January 2000, Sunset Hills issued a summons and complaint to Wall, alleging similar grounds as Ballwin. Sunset Hills also issued a complaint against Bi–State.

Wall brought an action against Ballwin and Sunset Hills, requesting declaratory judgment and injunctive relief on the grounds that MoDOT, not the municipalities, had authority over advertising on the state highway rights-of-way. Ballwin and Sunset Hills counterclaimed, asking the court to find that their respective ordinances were valid and that Wall violated them. The trial court granted Bi–State's motion to intervene, which asserted MoDOT's authority to issue permits for advertising on the bus shelters.

Wall moved for summary judgment against Ballwin and Sunset Hills, arguing MoDOT's exclusive jurisdiction over advertising signs on state highway rights-of-way. Ballwin filed a cross-motion for par-

tial summary judgment on the validity of its ordinances. Sunset Hills filed a cross-motion for summary judgment on all issues, requesting that the advertising panels be removed from the bus shelters. Bi-State filed a separate motion as intervenor, asking the court to grant summary judgment in favor of Wall.

The trial court issued "FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER," concluding that Ballwin's ordinance was valid and enforceable, ordering the advertising removed from the bus shelters, and awarding Ballwin "its reasonable costs for the defense of this cause of action including its reasonable attorneys fees." In a separate "JUDGMENT," the court denied Wall's motion for summary judgment; granted Sunset Hills's motion for summary judgment; entered judgment in favor of Sunset Hills and against Wall and Bi-State, finding that Sunset Hills's ordinances were valid and enforceable and ordering the advertising signs removed; and assessed "costs" equally against Wall and Bi-State.

Although none of the parties challenge this court's jurisdiction to entertain this appeal, it is our duty to do so *sua sponte*. *T.A.H. v. J.L.H.*, 969 S.W.2d 338, 340 (Mo. App. E.D.1998). Under Rule 74.01(a), a judgment must be (1) in writing, (2) signed by the judge, (3) denominated a "judgment," and (4) filed. *Id.* In addition, a judgment is final only when it disposes of all the issues for all parties in the case and leaves nothing for future determination. *McKean v. St. Louis County*, 936 S.W.2d 184, 185–186 (Mo.App. E.D.1996). Under Rule 74.01(b), the trial court may enter a judgment which does not dispose of all the issues or all the parties only if the trial court expressly finds that "there is no just reason for delay." If the trial court does not comply with either Rule 74.01(a) or Rule 74.01(b), the appeal must be dismissed.

In the instant action, the orders of the trial court did not comply with either Rule 74.01(a) or Rule 74.01(b). As to Ballwin, the trial court titled its ruling "FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER" and did not label or title it a "judgment." Thus, it was not denominated a "judgment" in accordance with Rule 74.01(a).[1] The designation of "judgment" also did not appear in the body of the writing. Under these circumstances, it is at least questionable whether the judgment is final under Rule 74.01(a). Under Rule 74.01(b), however, it is clear that the judgment in favor of Ballwin is not final. The trial court awarded Ballwin "its reasonable costs for the defense of this cause of action including its reasonable attorneys fees." But, the document did not identify what constituted "costs for the defense," did not specify the amount to be awarded for attorney's fees or costs for defense, and did not give any guidance with regard to determining those amounts. The attorney's fees and costs for defense were left open for future determination, and the court did not make the express determination that there was no just reason for delay in accordance with Rule 74.01(b). Despite Ballwin's assertion that it submitted to the court a document detailing its attorney's fees and costs for defense, the record does not indicate that the figures contained therein were incorporated into a judgment signed by the judge.

---

1. At the end of its "FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER" the trial court used the terms "ORDERS, ADJUDGES AND DECREES." Rule 74.01(a), however, clearly states that the judgment must be "denominated" a judgment. Webster's Third New International Dictionary (1981) defines "denominate" as "to give a name to" or "call by a name." Here, there is no such label or title to the court's order.

As to Sunset Hills, the trial court's ruling was labeled a "JUDGMENT" in compliance with Rule 74.01(a). Although the parties propose that there are two distinct judgments, the trial court again failed to comply with Rule 74.01(b) in that it did not make the requisite determination that there was no just reason for delay as to the judgment in favor of Sunset Hills. Absent such a determination, the judgment in favor of Sunset Hills is not appealable.

Therefore, the orders of the trial court regarding Ballwin and Sunset Hills did not adjudicate all the claims of all the parties. There is no final judgment and this court lacks jurisdiction to hear this appeal. Because of the procedural defects, we do not reach the substantive issues raised by the parties.

The appeal is dismissed.

MARY K. HOFF, C.J. and
KATHIANNE KNAUP CRANE, J.,
concur.