STATE of Missouri, ex rel. Tranda
WECKER, Relator,

v.

Honorable Steven R. OHMER, Judge
of the Circuit Court of the City
of St. Louis, Respondent.

No. ED 82708.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 6, 2003.

Kayla Vaughn, St. Louis, MO, Mark H. Kruger, Clayton, MO, Bryan L. Hettenbach, Guardian Ad Litem, St. Louis, MO, for appellant.

Donna L. Head, Edward J. Hanlon, Maribeth McMahon, St. Louis, MO, for respondent.

ROBERT G. DOWD, JR., Presiding Judge.

Relator, Tranda Wecker, seeks a writ of mandamus compelling Respondent, the Honorable Steven R. Ohmer, to enter all orders necessary for Relator to obtain a transcript of her termination of parental rights trial. Relator argues that pursuant to Section 514.040.3, RSMo 2000,[1] she is entitled to obtain a trial transcript free of charge because she is represented in the civil action by a legal services organization which has filed a certificate of her inability to pay cost, fees, and expenses. This court has considered the petition, suggestions in support of the petition, and the exhibits. Respondent has filed suggestions in opposition. The facts and law are clear. This court, being fully advised in the premises, dispenses with all further procedure in the matter in the interest of justice. Rule 84.24(j). Preliminary order is now made absolute.

Relator has appealed from the trial court's judgment terminating her parental rights on January 15, 2003. *Interest of K.A.W. and K.A.W.* No. ED82488. Relator filed a Certificate of Inability to Pay Cost, Fees, and Expenses (Certificate). Relator also filed a request for the transcript in the trial court on January 22, 2003.

A Certificate was filed certifying that Relator was unable to pay the cost, fees, and expenses necessary to prosecute the appeal and that Relator was being represented by counsel under the auspices of Legal Services of Eastern Missouri (LSEM). Relator filed a Motion for Transcript Preparation and for Other Orders requiring the preparation of the trial transcript to be paid for by the City of St. Louis.[2]

At a hearing on March 20, 2003, Relator's motion was presented to Respondent and denied. Relator then filed a petition with this Court for a writ of mandamus.

In support of her position, Relator cites Section 514.040.3, which provides:

1. Unless otherwise indicated, all further statutory references are to RSMo 2000.

2. We note the statute pertaining to court costs in TPR cases states: "Court costs shall be paid by the county in which the proceeding is instituted, except that the court may require the agency or person having received legal or actual custody to pay the costs." Section 211.462.4.

Where a party is represented in a civil action by a legal aid society or a legal services or other nonprofit organization funded in whole or substantial part by moneys appropriated by the general assembly of the state of Missouri, which has as its primary purpose the furnishing of legal services to indigent persons, or by private counsel working on behalf of or under the auspices of such society, all costs and expenses related to the prosecution of the suit may be waived without the necessity of a motion and court approval, provided that a determination has been made by such society or organization that such party is unable to pay the costs, fees and expenses necessary to prosecute or defend the action, and that a certification that such determination has been made is filed with the clerk of the court.

Relator filed a Certificate which set out that she is represented by LSEM, which is funded in substantial part by moneys appropriated by the general assembly of the State of Missouri, and which has as its primary purpose the furnishing of legal services to indigent persons. The Certificate also states that Relator is unable to pay the cost, fees, and expenses necessary to prosecute or defend that action.

In their suggestions in opposition, Respondent, the City of St. Louis, and the Guardian ad Litem (GAL) request that we reconsider *State ex rel. Holterman v. Patterson* 24 S.W.3d 784, 786 (Mo.App. E.D. 2000). We decline to do so and follow *Holterman* as precedent.

In *Holterman*, relator was ordered by the trial court to pay part of the GAL.fees in connection with her motion to modify her decree of dissolution. Relator was represented by LSEM and had filed a Certificate of Inability to Pay Cost, Fees, and Expenses pursuant to Section 514.040.3. In issuing a writ of prohibition against Judge Patterson, our court held, "Section 514.040.3 leaves the trial court no discretion for the trial judge to assess [fees] against relator." *Holterman*, 24 S.W.3d at 786. Further, Section 514.040.3 provides for the waiver of costs and fees if the legal services organization representing the party makes a determination and certifies that the party is unable to pay. *Id.* Because the statute provides that fees may be waived without court approval or motion, a court does not have jurisdiction or discretion to assess cost or fees against a party, if those actions have been taken. *Id.*

Furthermore, the GAL attempts to distinguish *Holterman* by noting that in the instant case until the time of the appeal Relator had been represented by private counsel. The GAL further notes that Relator had been represented by private counsel during other proceedings involving her children in Los Angeles, Philadelphia, Little Rock, and the United Kingdom. LSEM has now entered as co-counsel for Relator on her appeal. Private counsel has filed an affidavit in response stating he is representing Relator on a pro bono basis. We are unpersuaded by the GAL's argument. Section 514.040.3 specifically allows "private counsel working on behalf of or under or under the auspices of such [legal aid] society."

Preliminary Order in Mandamus is made absolute. Respondent is directed to set aside his order of March 20, 2003, and directed to enter all orders necessary to effectuate the preparation of the trial transcript of mother's termination of parental rights (TPR) trial and all proceedings incorporated therein.

CRAHAN, J., and NORTON, J., concur.