**SUPERLUBE, INC. OF CAMDENTON,**
a Missouri Corporation, and Ronald E.
Adamson, Appellants/Respondents,

v.

**INNOVATIVE REAL ESTATE, INC.,**
a Missouri Corporation, Respondent/Cross Appellant.

Nos. 26060, 26077.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 8, 2004.

Jeffrey E. Green, Osage Beach, for appellant.

Michael A. Carter, Ronald K. Carpenter, Phillips, McElyea, Carpenter & Welch, P.C., Camdenton, for respondent.

ROBERT S. BARNEY, Judge.

Superlube, Inc. of Camdenton and Ronald E. Adamson ("Appellants") obtained a permanent injunction preventing Innova-

tive Real Estate, Inc. ("Innovative") from blocking ingress and egress along an existing driveway to Superlube's place of business, pursuant to an amended easement agreement entered into between the parties.[1] The trial court denied Appellants' request for damages and attorney's fees. Appellants appeal the denial of their claim for damages and attorney's fees. Innovative also appeals, alleging the trial court erred in granting the permanent injunction. The appeals have been consolidated.

Appellants and Respondent have submitted appeals from an amended judgment which is not yet final, as the trial court has failed to dispose of all issues in the case. Therefore, we must dismiss the appeals.

■ We are required to examine the record to determine, *sua sponte,* our jurisdiction in this case. *Asbury v. Crawford Elec. Co-op., Inc.,* 9 S.W.3d 774, 777 (Mo. App.2000). If there is no final judgment, this Court lacks jurisdiction and may not consider the merits of the appeals. *Creech v. Noyes,* 78 S.W.3d 223, 224 (Mo.App. 2002). In order for a judgment to be final, it must dispose of all issues in the case and leave nothing for future determination. *Eggemeyer v. Connolly,* 986 S.W.2d 516, 517 (Mo.App.1999); Rule 74.01(b).[2]

■ Having reviewed the transcript and legal file, we determine the trial court has not disposed of Innovative's counterclaim for damages resulting from Appellant's purported trespass on its property. Neither has the trial court made a determination pursuant to Rule 74.01(b) "that there is no just reason for delay." Accordingly, the amended judgment is not final for the purposes of appellate review. *Allen v. G & J Enters.,* 856 S.W.2d 347, 348 (Mo.App.1993). If the trial court's judgment is not final, the appellate court is without jurisdiction to consider the appeal and the appeal must be dismissed. *See Wall USA, Inc. v. City of Ballwin,* 82 S.W.3d 201, 202 (Mo.App.2001).

The appeals are dismissed.

PARRISH, P.J., and BATES, C.J., concur.

---

1. The matter has previously been before this Court. *See Superlube, Inc. of Camdenton v. Innovative Real Estate, Inc.,* 94 S.W.3d 480 (Mo.App.2003). Heretofore we dismissed the appeals for lack of final judgment and "remanded for further proceedings" because the easement in question had not been described in the judgment with sufficient particularity. *Id.* at 484–85. In addition, we noted that the judgment failed to address or dispose of a counterclaim by Innovative for damages for trespass. *Id.* at 484 n. 6. We further suggested that Appellant's owner's first wife may have been an indispensable party to the litigation. *Id.* at 485 n. 9.

2. Rule 74.01(b) reads:
   When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
   All rule references are to Missouri Court Rules (2003), unless otherwise indicated.