Ann Marie **CARPENTER,**
**Plaintiff–Appellant,**

v.

Thomas James **CARPENTER,**
**Defendant–Respondent.**

No. 26667.

Missouri Court of Appeals,
Southern District,
Division One.

April 18, 2005.

Christy D. Cramer Preston, Legal Services of Southern Missouri, Rolla, for plaintiff–appellant.

No Appearance for defendant–respondent.

PHILLIP R. GARRISON, Presiding Judge.

Ann Marie Carpenter ("Mother") appeals from the judgment of the Circuit Court of Pulaski County ordering her to pay guardian ad litem ("GAL") fees in the amount of $1,710. We reverse and remand.

Two children were born of Mother's marriage to Thomas James Carpenter ("Father"): R.J.C. and C.A.C., born April 1, 1990 and December 3, 1991, respectively. On April 10, 1996, the marriage was dissolved in a judgment that included custody and visitation provisions for the minor children.[1] On December 27, 2001, Father moved to modify the decree of dissolution and, as part of his motion, requested that the trial court appoint a GAL for the minor children. It appointed Dawn Clayton.

Mother was represented during these proceedings by Legal Services of Southern Missouri ("LSSM"), which filed, on her behalf, a "Certificate of Inability to Pay Costs, Fees, and Expenses" pursuant to Section 514.040.3.[2] The certificate stated that Mother was unable to pay the costs, fees, and expenses necessary to defend or prosecute the action and that "[LSSM] is a not-for-profit Missouri Corporation providing legal services to the poor and is funded in substantial part by money appropriated by the General Assembly of the State of Missouri." Mother testified that she is disabled and receives Supplemental Security Income each month in the amount of $552.

A hearing on Father's motion to modify was held on August 14–15, 2003, and the trial court entered a "Judgment Pendente Lite" on December 11, 2003, ordering that "primary physical custody"[3] of the children be transferred from Mother to Father beginning on December 22, 2003, until further order of the court. The court also ordered the parties to appear for a "review" on June 10, 2004. As part of the "Judgment Pendente Lite," the trial court awarded GAL fees in the amount of $3,000, with $2,000 to be paid by Father and $1,000 to be paid by Mother. Mother filed a motion for reconsideration making numerous claims, including that the trial court lacked jurisdiction/discretion to assess GAL fees against her. The trial court denied her motion and she appealed from the "Judgment Pendente Lite," claiming that the trial court erred in assessing GAL fees against her because she was represented by legal services. This court dismissed the appeal for lack of appellate jurisdiction on October 4, 2004. *See Car-*

---

1. The record does not contain the original judgment and decree of dissolution.

2. All statutory references are to RSMo (2000) unless otherwise specified.

3. Section 452.375 does not provide for "primary physical custody."

*penter v. Carpenter*, No. 26177 (Mo.App. S.D. filed October 4, 2004).

On August 27, 2004, while the appeal from the "Judgment Pendente Lite" was pending, the trial court entered a judgment and decree finding a substantial and continuing change of circumstances warranting a modification of the decree of dissolution of marriage. It awarded joint legal and physical custody of the children to both parents, but designated Mother's residence as the children's address for health and educational purposes. The trial court stated, however, that it was "retain[ing] jurisdiction regarding the issue of [GAL]'s fees which is presently on appeal." On October 20, 2004, following dismissal of Mother's first appeal by this court, the trial court entered a judgment and order assessing GAL fees of $5,130, with Father to pay $3,420 and Mother to pay $1,710. This appeal followed.

Mother presents one point on appeal. She claims the trial court erred in assessing GAL fees against her because she was represented by a legal services organization which determined that she was indigent and certified the same by filing a certificate with the clerk of the trial court.

■ The standard of review for court-tried cases is well established. The judgment of the trial court will be sustained "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).[4]

■ Before addressing the merits in this case, we are required, *sua sponte*, to determine whether we have jurisdiction. *Superlube, Inc. of Camdenton v. Innova-*

*tive Real Estate, Inc.*, 147 S.W.3d 880, 881 (Mo.App. S.D.2004). If there is no final judgment, we lack jurisdiction and may not consider the merits. *Id.* Here, there are two documents denominated "judgment." The first document was entered on August 27, 2004, and disposes of all of the issues in the suit except for GAL fees. As this judgment did not dispose of all of the issues, it was not a final judgment. The second "judgment" was entered on October 20, 2004, and resolved the remaining issue of GAL fees. The notice of appeal was timely filed after entry of the second judgment. The two documents together make up the final judgment that is appealed in this case, and therefore we have jurisdiction to consider the appeal. *See Shelby v. Shelby*, 130 S.W.3d 674, 677 (Mo. App. S.D.2004) (The trial court first entered its "Amended Partial Findings of Fact and Conclusions of Law[,] Judgment and Decree of Dissolution of Marriage" on April 10, 2002, and then on October 23, 2002, entered its "Second Amended Findings of Fact and Conclusions of Law, Judgment and Decree of Dissolution of Marriage," which together made up the final judgment from which the appeal was taken.).

Section 514.040.3 states:

Where a party is represented in a civil action by a legal aid society or a legal services or other nonprofit organization funded in whole or substantial part by moneys appropriated by the general assembly of the state of Missouri, which has as its primary purpose the furnishing of legal services to indigent persons, or by private counsel working on behalf of or under the auspices of such society, all costs and expenses related to the

---

4. *Murphy* interpreted the provisions of Rule 73.01(c). The provisions of that rule now appear in essentially the same form in Rule 84.13(d), Missouri Rules of Civil Procedure (2004).

prosecution of the suit may be waived without the necessity of a motion and court approval, provided that a determination has been made by such society or organization that such party is unable to pay the costs, fees and expenses necessary to prosecute or defend the action, and that a certification that such determination has been made is filed with the clerk of the court.

Mother argues that as she was represented by LSSM, an organization funded in substantial part by moneys appropriated by the general assembly which has as its primary purpose the provision of legal services to indigent people, and that as LSSM filed a certification with the trial court stating that it had determined that she was unable to pay the costs, fees and expenses necessary to prosecute or defend the suit, she is not required to pay fees to the GAL.

In support of her argument, Mother cites *State ex rel. Holterman v. Patterson,* 24 S.W.3d 784 (Mo.App. E.D.2000). That case involved a motion to modify a decree of dissolution in which the mother sought a writ of prohibition to prevent the trial court from enforcing an order requiring her to pay GAL fees. *Id.* at 785. The mother, represented in the case by Legal Services of Eastern Missouri, Inc., filed a motion to modify a decree of dissolution; a certificate of inability to pay costs, fees and expenses; and a motion to join third party and order fees paid out of public funds, on the grounds of Section 514.040.3, RSMo Cum.Supp.1999.[5] *Id.* The trial court appointed a GAL whose motion for security for GAL fees was sustained and the mother was ordered to pay one-third of the $1,000 security deposit. *Id.* The appellate court examined Section

514.040.3, RSMo Cum.Supp.1999 and found that Legal Services of Eastern Missouri had fulfilled the only requirements to waive costs and fees in that it made a determination that mother could not pay the fee and filed a certificate demonstrating that. *Id.* at 786. The court held that "[b]ecause the statute provides that fees may be waived without court approval or motion, a court does not have jurisdiction or discretion to assess cost[s] or fees against a party, if those actions have been taken." *Id.* Accordingly, the court issued a "peremptory writ of prohibition" directing the trial court to set aside its order requiring the mother to pay one-third of the GAL fees. *Id.*

■ *Holterman* is controlling in this case. Here, the record demonstrates that LSSM filed a certificate with the trial court stating that it had determined that Mother was unable to pay costs, fees, and expenses. The certificate also demonstrates that LSSM is funded in substantial part by moneys appropriated by the general assembly and has as its purpose the provision of legal services to indigent persons. Therefore, under *Holterman* and Section 514.040.3, the trial court had no discretion to order Mother to pay GAL fees.

We must reverse that portion of the judgment ordering Mother to pay GAL fees in the amount of $1,710 and remand the case to the trial court for further proceedings relating to the remaining GAL fees. With regard to that issue, we note that Section 452.423 governs the appointment of GALs in cases such as this. It states that the GAL

shall be awarded a reasonable fee for such services to be set by the court.

---

5. The language of the statute has not changed between the publishing of *Holterman* and the present case.

The court, in its discretion, may: (1) Issue a direct payment order to the parties. If a party fails to comply with the court's direct payment order, the court may find such party to be in contempt of court; or (2) Award such fees as a judgment to be paid by any party to the proceedings or from public funds....

Section 452.423.5, RSMo Cum.Supp.2004. In the event the trial court considers awarding GAL fees out of public funds, we refer it to the cases of *Meyer v. Meyer*, 842 S.W.2d 184 (Mo.App. E.D.1992), and *Sweeten v. Watie*, 842 S.W.2d 190 (Mo. App. E.D.1992).

PREWITT and RAHMEYER, JJ., concur.