**Marlan L. VERSEY, Individually and as Next Friend of Zarreign Jirak Versey, Respondents,**

v.

**Anne K. JIRAK, Appellant.**

No. ED 88308.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 27, 2007.

S. Paige Canfield, St. Louis, MO, for appellant.

Nathan S. Cohen, Clayton, MO, for respondent.

GEORGE W. DRAPER III, Presiding Judge.

Anne Jirak (hereinafter, "Mother") appeals from the trial court's judgment ordering her to pay a portion of Marlan Versey's (hereinafter, "Father") attorney's fees and holding her jointly and severally liable with Father for the guardian ad litem's (hereinafter, "the GAL") fees incurred in this paternity action. We reverse and remand.

On January 13, 2005, Father filed a petition for determination of paternity, support, and custody against Mother in St. Louis County. Mother and the minor child, Z.J.V. (hereinafter, "the Child"), were residing in Minnesota as of December 18, 2004. Upon arriving in Minnesota, Mother filed an order of protection action against Father in Minnesota. Mother retained private counsel to pursue this claim. Father also retained private out-of-state counsel. Additionally, Mother retained private counsel in Missouri to represent her in Father's paternity action. Five days after Father filed his petition, a GAL was appointed to represent the Child's interests.

During the pendency of the proceedings, Mother refused to return to Missouri with the Child and failed to comply with the trial court's orders regarding visitation by Father and evaluation by the GAL. Further, the case was set for trial on two prior occasions, but Mother sought continuances. Eventually, Mother's private counsel withdrew in August 2005.

On November 3, 2005, an attorney with Legal Services of Eastern Missouri (hereinafter, "LSEM") entered her appearance on Mother's behalf. The trial court heard this matter on February 7, 2006, and February 22, 2006. On February 14, 2006, LSEM filed a certificate on Mother's behalf setting forth her inability to pay costs, fees, and expenses. At trial, Mother testified she had paid private counsel over $5,000.00 to represent her and currently had a job paying $11.00 per hour. Mother also submitted other documentation regarding her income and expenses with respect to the issue of child support.

The trial court entered its judgment on May 9, 2006. The trial court declared Father to be the natural father of the Child, awarded Father sole legal and physical custody of the Child, and ordered Mother to pay child support in the amount

of $343.00 per month. The trial court rejected Mother's pleadings and testimony regarding indigence as lacking credibility. Thus, the trial court also ordered Mother to pay a portion of Father's attorneys' fees in the amount of $1,000.00 and held her jointly and severally liable for the GAL fees, which totaling $5,010.00. Mother only appeals the trial court's judgment with respect to the attorney's fees and GAL fees.

■ In a court tried case, the judgment will be sustained unless: (1) there is no substantial evidence to support it; (2) it is against the weight of the evidence; (3) it erroneously declares the law; or (4) it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Carpenter v. Carpenter,* 159 S.W.3d 880, 882 (Mo.App. S.D.2005). This Court views all facts and inferences in favor of the judgment and defers to the trial court's determinations regarding credibility of the witnesses. *Vinson v. Adams,* 192 S.W.3d 492, 494 (Mo.App. E.D.2006).

■ In her sole point on appeal, Mother claims the trial court erred in ordering her to pay a portion of Father's attorney's fees and holding her jointly and severally liable for the GAL fees. Mother alleges the trial court's order violated Section 514.040.3 RSMo (2002).[1] Section 514.040.3 states:

Where a party is represented in a civil action by a legal aid society or a legal services or other nonprofit organization funded in whole or substantial part by moneys appropriated by the general assembly of the state of Missouri, which has as its primary purpose the furnishing of legal services to indigent persons, or by private counsel working on behalf of or under the auspices of such society, all costs and expenses related to the prosecution of the suit may be waived

without the necessity of a motion and court approval, provided that a determination has been made by such society or organization that such party is unable to pay the costs, fees and expenses necessary to prosecute or defend the action, and that a certification that such determination has been made is filed with the clerk of the court.

Mother claims she was an LSEM client at the time of trial, and LSEM qualifies as an organization funded in substantial part by monies appropriated by the general assembly which has as its primary purpose the furnishing of legal services to indigent persons. Further, Mother alleges LSEM filed a certification indicating Mother lacked the ability to pay costs, fees, and expenses necessary to prosecute or defend the paternity action with the trial court prior to its judgment. As a result, Mother argues she is not required to pay a portion of Father's attorneys' fees or to be held jointly and severally liable for the GAL's fees.

Mother relies upon *State ex rel. Holterman v. Patterson,* 24 S.W.3d 784 (Mo.App. E.D.2000), and *Carpenter,* 159 S.W.3d 880, to support her argument. In *Holterman,* a mother sought a writ of prohibition, seeking to prohibit the trial court from enforcing its order which directed her to pay a portion of the assessed GAL fees. *Id.* at 785. The mother argued she was not required to pay these fees because she was represented by LSEM and had filed a certificate of inability to pay costs, fees, and expenses. *Id.*

This Court granted the mother's request and issued a peremptory writ of prohibition. *Id.* at 786. Upon examining Section 514.040.3, we stated a party must show "that the legal services organization representing the party make a determination

1. All statutory references are to RSMo (2002) unless otherwise indicated.

that the party is unable to pay the fee and a certificate of such determination be filed with the clerk of the court" in order for fees, costs, and expenses to be waived. *Id.* Further, Section 514.040.3 leaves no discretion for the trial court to assess fees, costs, and expenses when the party has met the requirements of the statute. *Id.* "Because the statute provides that fees may be waived without court approval or motion, a court does not have jurisdiction or discretion to assess costs or fees against a party, if those actions have been taken." *Id. See also, Carpenter,* 159 S.W.3d at 883 (holding *Holterman* controlling when reversing trial court's order directing mother to pay portion GAL fees).

Father believes these cases are distinguishable factually, and therefore, should not apply to Mother's case. First, Father alleges Mother did not enter her certification of inability to pay until February 14, 2006, which was after the first trial date and prior to the second trial date. This is in contrast to the parties in *Holterman* and *Carpenter,* where the certificates were entered at the commencement of the litigation.

As stated previously, the only requirements that must be met are that the legal services organization representing the party make a determination that the party is unable to pay the fees, costs, and expenses and a certificate of such determination be filed with the clerk of the court. Recognizing that the most prudent practice is to file the certification with the trial court as soon as LSEM has made a determination of inability to pay, Section 514.040.3 does not require a party to file the certification at a certain point during litigation.

Additionally, Father points to the trial court's determination of credibility with respect to Mother's claims of indigency and how her misconduct caused both Father and the GAL to incur "significant expenses." Generally, we must defer to the trial court's judgment regarding issues of credibility. *Wills v. Wills,* 197 S.W.3d 187, 192 (Mo.App. W.D.2006). However, Section 514.040.3 does not grant the trial court discretion to determine the veracity of the certification filed. Once the certification is filed, "a court does not have jurisdiction or discretion to assess costs or fees against a party" at all. *Holterman,* 24 S.W.3d at 786; *Carpenter,* 159 S.W.3d at 883.

While Father's arguments are well taken, the requirements of Section 514.040.3 are clear and unambiguous. Mother has complied with the requirements of Section 514.040.3, and therefore, the trial court had no discretion to assess fees or costs against Mother in connection with this litigation. Thus, we hold the trial court erred when it ordered Mother to pay a portion of Father's attorney's fees and holding her jointly and severally liable for the GAL fees incurred.

The trial court's judgment is reversed and remanded for further proceedings consistent with this opinion.

GARY M. GAERTNER, SR., J., and ROBERT G. DOWD, JR., J., concur.