**Robert W. BOBER,**
**Petitioner/Respondent,**

v.

**Terri E. BOBER,**
**Respondent/Appellant.**

**No. ED 91487.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 27, 2009.

Roger Kevin Rea, Saint Louis, MO, for Appellant.

Robert William Bober, c/o Barbara Grab, Spanish Lake, MO, for Respondent.

SHERRI B. SULLIVAN, J.

*Introduction*

Terri E. Bober (Mother) appeals from the trial court's judgment holding her jointly and severally liable with Robert W. Bober (Father) for the guardian ad litem's (GAL) fees in the underlying dissolution action. We reverse and remand.

*Factual and Procedural Background*

On June 18, 2007, Father filed a petition for dissolution of marriage to Mother. On July 5, 2007, the trial court appointed Diane Monahan as GAL for the parties' children. The court ordered Father and Mother to deposit $500 with the court for GAL costs and fees.

On November 5, 2007, Roger K. Rea entered his appearance as counsel for Mother. On December 18, 2007, the trial court ordered Mother and Father to each pay an additional $750 directly to the GAL before January 10, 2008.

On March 11, 2008, the trial court ordered Mother and Father to each pay an additional $1,650 directly to the GAL on or before March 28, 2008. The court also ordered Mother to pay the remaining $750

from the December 2007 order on or before March 28, 2008.

On April 10, 2008, the GAL filed a motion to strike Mother's pleadings for failing to pay the $750 as ordered in December 2007 and the $1,650 as ordered in March 2008. On April 18, 2008, Mother filed a memorandum in opposition to the GAL's motion to strike her pleadings. Legal Services of Eastern Missouri, Inc. (LSEM) also filed, on Mother's behalf, two Certifications of Inability to Pay Costs, Fees and Expenses, dated June 26, 2007 and April 15, 2008, pursuant to Section 514.040.3.[1] LSEM certified that Mother was represented by counsel working for or under the auspices of LSEM and that Mother was unable to pay the costs, fees and expenses necessary to prosecute or defend the action. LSEM also certified that it was a nonprofit Missouri corporation that provides legal services to the poor and was funded in substantial part by money appropriated by the General Assembly of the State of Missouri.

On April 18, 2008, the trial court ordered that Mother's pleadings be stricken if she failed to comply with the orders regarding the GAL's fees. On May 14, 2008, Mother filed a Motion to Vacate, Set Aside and/or Reconsider Court Order of April 18, 2008. Mother attached the affidavit of her attorney, Roger Rea, indicating that he was working with LSEM's Volunteer Lawyer's Program providing *pro bono* legal services for indigent individuals and all of his representation of Mother has been as private counsel working under the auspices of LSEM.

On May 14, 2008, trial court entered judgment dissolving the marriage. In a separate judgment, the court also ordered that Mother and Father be jointly and severally liable for GAL fees in the amount of $2,028.00. This appeal follows.

## Points on Appeal

■ In her first point on appeal, Mother argues the trial court erred in entering the May 14, 2008 judgment holding her jointly and severally liable for the GAL's fees in that LSEM filed certifications with the trial court, pursuant to Section 514.040.3, indicating that Mother was represented by an attorney working under the auspices of LSEM; LSEM was a nonprofit organization which provides legal services to the poor and was funded in substantial part by money appropriated by the General Assembly of the state of Missouri; and that Mother was unable to pay the costs, fees and expenses necessary to prosecute or defend the dissolution action.

In her second point on appeal, Mother argues the trial court's May 14, 2008 judgment requiring payment of GAL fees was void in that the trial court lacked jurisdiction to enter said judgment because LSEM filed certifications with the trial court, pursuant to Section 514.040.3, indicating that Mother was represented by an attorney working under the auspices of LSEM; LSEM was a nonprofit organization which provides legal services to the poor and was funded in substantial part by money appropriated by the General Assembly of the state of Missouri; and that Mother was unable to pay the costs, fees and expenses necessary to prosecute or defend that action.

## Standard of Review

In a court-tried case, we will sustain the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law.

---

1. All statutory references are to RSMo 2006, unless otherwise indicated.

*Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

### Discussion

Section 514.040.3 provides that:

"Where a party is represented in a civil action by a legal aid society or a legal services or other nonprofit organization funded in whole or substantial part by moneys appropriated by the general assembly of the state of Missouri, which has as its primary purpose the furnishing of legal services to indigent persons, or by private counsel working on behalf of or under the auspices of such society, all costs and expenses related to the prosecution of the suit may be waived without the necessity of a motion and court approval, provided that a determination has been made by such society or organization that such party is unable to pay the costs, fees and expenses necessary to prosecute or defend the action, and that a certification that such determination has been made is filed with the clerk of the court."

In order for the fees, costs and expenses to be waived, the party must show " 'that the legal services organization representing the party [made] a determination that the party is unable to pay the fee and a certificate of such determination [was] filed with the clerk of the court[.]' " *Versey v. Jirak,* 219 S.W.3d 774, 776–77 (Mo.App. E.D.2007), quoting *State ex rel. Holterman v. Patterson,* 24 S.W.3d 784, 786 (Mo.App. E.D.2000). If a party meets the requirements of Section 514.040.3, the trial court does not have discretion to assess fees, costs, and expenses. *Versey,* 219 S.W.3d at 777. Although prudent for a party to file the certification with the court as soon as the legal services organization has made a determination of inability to pay, the statute does not require the party to file the certification at a certain point during the litigation. *Id.*

On April 18, 2008, in response to the GAL's motion to strike Mother's pleadings, LSEM filed on Mother's behalf two certifications stating that Mother was represented by counsel working for or under the auspices of LSEM; that LSEM was a nonprofit Missouri corporation that provides legal services to the poor; and that LSEM was funded in substantial part by money appropriated by the General Assembly of the state of Missouri. LSEM also certified that Mother was unable to pay the costs, fees and expenses necessary to prosecute or defend the action.

Mother has satisfied the requirements of Section 514.040.3 and, therefore, the trial court did not have the discretion to assess fees or costs against Mother in the underlying action. Thus, the trial court erred in ordering Mother pay a portion of the GAL fees. Mother's Point I is granted.

In light of our holding on Mother's first point, we will not address Mother's second point on appeal.

### Conclusion

The judgment of the circuit court is reversed and remanded for further proceedings consistent with the opinion.

ROBERT G. DOWD, JR., P.J., and CLIFFORD H. AHRENS, J. concur.