STATE OF MISSOURI ex
rel. S.W., Relator,

v.

Honorable Judge Mark E. FITZSIM-
MONS and Honorable Commissioner
John P. Lukachick, Respondents.

No. SD 30873.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 15, 2010.

Daniel Eugene Sakaguchi, St. Louis, MO, for Relator.

Jason William Johnson, Jefferson City, MO, for Respondents.

Before BATES, J., SCOTT, C.J., and FRANCIS, J.

PER CURIAM.

Relator, S.W., seeks a writ of prohibition to prohibit Respondents, the Honorable Mark E. Fitzsimmons, Associate Circuit Judge, and the Honorable John P. Luka-chick, Commissioner, from ordering her to pay the costs of a psychological evaluation in a civil paternity action.[1] She contends that she cannot be required to pay such costs because she is represented in the case by a legal services organization that has filed with the clerk of the circuit court a certificate containing its determination that Relator is unable to pay costs, fees and expenses in compliance with § 514.040.3.[2] Having reviewed and considered Relator's petition and exhibits, as well as Respondents' suggestions in opposition, we find that the facts and law are clear. Accordingly, in the interest of justice, we hereby dispense with all further procedure in this matter and issue a peremptory writ in prohibition. Rule 84.24(j) and (*l*).[3]

The facts are undisputed. Relator is a respondent in a paternity action in the Circuit Court of Greene County, Missouri

1. With few exceptions, § 210.846 RSMo (2000) limits access to the "papers and records" in a paternity action. In an effort to preserve the confidentiality of the records in the underlying case, we refer to Relator by her initials.

2. All references to § 514.040.3 are to RSMo (2000).

3. All rule references are to Missouri Court Rules (2010).

(the trial court). On or around April 29, 2010, the petitioner in the paternity action filed a motion asking the trial court to order Relator to submit to a psychological evaluation and to order Relator to pay the costs of such evaluation. On May 11, 2010, Respondent Lukachick entered an order granting the petitioner's motion and directing Relator to present herself for a psychological evaluation. The order further directed Relator to pay the costs of the evaluation. Relator filed two motions for relief from the May 11th order, both arguing that the trial court could not order her to pay the costs of the psychological evaluation by reason of § 514.040.3. Respondents denied her motions. Relator then filed her petition for writ of prohibition in this court.

Section 514.040.3 provides:

Where a party is represented in a civil action by a legal aid society or a legal services or other nonprofit organization funded in whole or substantial part by moneys appropriated by the general assembly of the state of Missouri, which has as its primary purpose the furnishing of legal services to indigent persons, or by private counsel working on behalf of or under the auspices of such society, all costs and expenses related to the prosecution of the suit may be waived without the necessity of a motion and court approval, provided that a determination has been made by such society or organization that such party is unable to pay the costs, fees and expenses necessary to prosecute or defend the action, and that a certification that such determination has been made is filed with the clerk of the court.

Relator is represented in the underlying case by an attorney working under the auspices of Legal Services of Southern Missouri (LSSM). On November 4, 2009, the managing attorney for LSSM filed with the clerk of the trial court a "Certificate of Inability to Pay Costs, Fees, and Expenses" on behalf of Relator. The certificate reflects that LSSM is a nonprofit organization that provides legal services to the poor and is funded in substantial part by appropriations from the general assembly of the state of Missouri. Additionally, the certificate includes LSSM's determination that Relator "is unable to pay the costs, fees and expenses necessary to prosecute or defend this action."

This Court has held that once the certificate required by § 514.040.3 has been filed, "the trial court does not have discretion to assess fees, costs, and expenses." *Bober v. Bober,* 277 S.W.3d 294, 297 (Mo. App.2009); *see State ex rel. Holterman v. Patterson,* 24 S.W.3d 784, 786 (Mo.App. 2000). Respondents' suggestions concede that "[t]here's no question that [Relator] meets the requirements of eligibility" for the waiver of costs under § 514.040.3. They assert, however, that the "psychological evaluation ordered by Commissioner Lukachick does not fall within the definition of 'costs'" waived by § 514.040.3. Because it is undisputed that Relator has met the qualifications for waiver of costs under § 514.040.3, the only issue to be resolved by this Court is whether a court-ordered psychological evaluation constitutes a cost or expense "related to the prosecution of the suit" within the meaning of the statute. This appears to be a matter of first impression.

This Court has previously held that guardian ad litem (GAL) fees are waived by operation of § 514.040.3. *Holterman,* 24 S.W.3d at 786 (issuing a peremptory writ in prohibition directing the trial court to set aside an order that required a party who had met the conditions of § 514.040.3 to pay a portion of the GAL fees); *see Bober,* 277 S.W.3d at 297 (reversing a trial court judgment that ordered a party who

had met the conditions of § 514.040.3 to pay a portion of GAL fees); *Carpenter v. Carpenter*, 159 S.W.3d 880, 883 (Mo.App. 2005) (same holding). Similarly, in *Versey v. Jirak*, 219 S.W.3d 774, 777 (Mo.App. 2007), the court reversed a judgment that ordered a party who had met the conditions of § 514.040.3 to pay a portion of the other party's attorney fees and that held her jointly and severally liable for GAL fees.

By its terms, § 514.040.3 broadly waives "all costs and expenses related to the prosecution of the suit." Given this language, we find no reasonable basis for treating the costs of a court-ordered psychological evaluation differently than GAL fees. This is particularly true where, as here, the psychological evaluation is ordered at the request of a party-opponent, who is also the petitioner in the trial court. Such costs clearly relate to the prosecution of the suit by the petitioner.[4]

For these reasons, we hereby enter a peremptory writ in prohibition by which we prohibit Respondents from requiring Relator to pay the costs of the court-ordered psychological evaluation in the underlying case. We further direct Respondents to set aside all prior orders requiring Relator to pay such costs.

---

4. In their suggestions, Respondents rely exclusively on *State ex rel. Taylor v. Clymer*, 503 S.W.2d 53, 55 (Mo.App.1973), to argue that § 514.040 waives only costs that are "necessary to ensure ... 'access to the court.'" We note that *Taylor* did not involve or consider the language of § 514.040.3, which was not added to the statute until 1999. *See* 1999 Mo. Laws 863–64; § 514.040 RSMo Cum.Supp. (1999). Thus, Respondents' reliance on *Taylor* is misplaced, at best. Respondents' suggestions do not specifically address whether the court-ordered psychological evaluation is a cost or expense "related to the prosecution of the suit" within the meaning of § 514.040.3.